HEARING DATE: May 20, 2019 at 10:00 a.m.
OBJECTIONS: May 13, 2019 at 4:00 p.m.

WILLIAM K. HARRINGTON
United States Trustee for Region 2
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500
By: Benjamin J. Higgins
Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- x
                                                            :
In re                                                       :  Case No. 19-10904 (MG)
                                                            :
EL SAN JUAN CITY ISLAND ON 5TH AVE                          :  Chapter 11
LLC,                                                        :
                            Debtor.                         :
                                                            :
----------------------------------------------------------- x

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon this Notice of Motion and the accompanying memorandum of law, William K. Harrington, the United States Trustee for Region 2, will move this Court before the Honorable Martin Glenn, United States Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, on **May 20, 2019 at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for an order dismissing this chapter 11 case or, alternatively, converting this case to a case under chapter 7 of the Bankruptcy Code, and for such other and further relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE, that by no later than May 13, 2019 at 4:00 p.m.**, objections or other responses, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as

amended), (d) be submitted in hard-copy form directly to the Chambers of the Hon. Bankruptcy Judge Martin Glenn, and (e) be served upon the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10004 (Attn: Benjamin J. Higgins).   Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: April 17, 2019
      New York, New York

                                      WILLIAM K. HARRINGTON
                                      UNITED STATES TRUSTEE

                    By:   */s/ Benjamin J. Higgins*
                          Benjamin J. Higgins, Esq.
                          Trial Attorney
                          Office of the United States Trustee
                          201 Varick Street, Suite 1006
                          New York, New York 10014
                          Tel. No. (212) 510-0500
                          Fax. No. (212) 668-2361

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date and Time: May 20, 2019 at 10:00 a.m.<br>Objection Date and Time: May 13, 2019 at 4:00 p.m. |

------------------------------------------------------ x
                                                                                                         :  Case No. 19-10904 (MG)
In re                                                            :
                                                              :
EL SAN JUAN CITY ISLAND ON 5TH AVE : Chapter 11
LLC.,                                                            :
                            Debtor.        :
                                                                :
------------------------------------------------------ x

### MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER DISMISSING THIS CHAPTER 11 CASE OR, ALTERNATIVELY, CONVERTING THIS CASE TO A CASE UNDER CHAPTER 7

TO:    THE HONORABLE MARTIN GLENN,
         UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 ("**United States Trustee**"), hereby moves for an order dismissing the chapter 11 case of El San Juan City Island on 5th Ave LLC (the "**Debtor**") or, alternatively, converting this case to a case under chapter 7 of the Bankruptcy Code. In support of this motion, the United States Trustee represents and alleges as follows:

### PRELIMINARY STATEMENT

Cause exists under both 11 U.S.C. §§ 1112(b) and 1112(e) to dismiss or convert this chapter 11 case. First, the Debtor has failed to file schedules, statements, and other documents in compliance with 11 U.S.C. § 521(a). Second, the Debtor, a limited liability company, has failed to retain counsel. Based on these facts, as more fully detailed below, the Court should dismiss this case or, alternatively, convert this case to one under chapter 7 of the Bankruptcy Code. Because it is not clear if there are unencumbered assets for a chapter 7 trustee to administer, the United States Trustee recommends the dismissal of this case.

# FACTS

1. On March 27, 2019 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Petition**"). ECF Doc. No. 1. A copy of the case docket (the "**Docket**") as of April 17, 2019 is attached to the Declaration of Benjamin J. Higgins, dated April 17, 2019 and filed contemporaneously herewith (the "**Higgins Declaration**"), as **Exhibit A**. A copy of the Petition and the documents filed therewith is attached to the Higgins Declaration as **Exhibit B**.

2. The Petition indicates at Question 6 that the Debtor is a "Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)." Petition at 1, Higgins Decl., Ex. B. A copy of the Debtor's entity information as listed on the New York State Department of State website (the "**Debtor Entity Information Sheet**") is attached to the Higgins Declaration as **Exhibit C**.

3. The Petition is signed by Manuel B. Vidal, Jr, as the "Member" of the Debtor. Petition at 4, Higgins Decl., Ex. B. Attached to the Petition is a Member Resolution signed by Manuel B. Vidal, Jr. as the sole Member of the Debtor granting the Debtor authority to file a bankruptcy petition. *See* Member Resolution, Higgins Decl., Ex. B.

4. The Debtor is a limited liability company formed under the laws of New York on or around March 10, 2017. *See* Debtor Entity Information Sheet, Higgins Decl., Ex. C; Member Resolution, Higgins Decl., Ex. B.

5. To date, the Debtor has not filed schedules, a summary of assets and liabilities, a statement of financial affairs, a corporate ownership statement, or an affidavit pursuant to Local Bankruptcy Rule 1007-2. Higgins Decl. at ¶ 5.

6. The Petition is not signed by an attorney. *See* Petition at 4, Higgins Decl., Ex. B. To date, the Debtor has not filed an application to retain counsel and no attorney has appeared in this case on behalf of the Debtor. Higgins Decl. at ¶ 6.

## DISCUSSION

### I. Cause Exists for Dismissal or Conversion under 11 U.S.C. § 1112(b)

Section 1112(b) of the Bankruptcy Code sets forth several bases for "cause" to convert a chapter 11 case to chapter 7 or to dismiss a chapter 11 case. *See* 11 U.S.C. § 1112(b). The Court shall convert or dismiss a case filed under chapter 11 for cause. *See* 11 U.S.C. § 1112(b)(4). Under this provision, the Court may find cause in the following circumstances, among others:

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

11 U.S.C. § 1112(b)(4)(F).

"Cause" to convert or dismiss, however, is not limited to the expressly enumerated provisions of the statute. *See In re BH S&B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) (stating that the sixteen examples of events that may constitute cause in §1112(b)(4) are "'not exhaustive' and courts are free to consider other factors"); *In re AdBrite Corp.*, 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003) ("A finding of cause is not limited to the grounds stated in § 1112(b)"). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. *In re The 1031 Tax Group, LLC*, 347 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). Once a party establishes cause, the burden is on the respondent to demonstrate that dismissal or conversion is not in the best interest of the estate. *In re Halal 4 U LLC*, 2010 WL 3810860 * 2 (Bankr. S.D.N.Y. 2010).

3

### A. Failure to Timely Satisfy Filing or Reporting Requirements

Unless the Court orders otherwise, debtors are required to file schedules, a summary of assets and liabilities, a statement of financial affairs, a corporate ownership statement, and an affidavit setting forth certain required information. *See* 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007(a) and (b); S.D.N.Y. LBR 1007-2; S.D.N.Y. LBR 1007-3. A debtor's failure to timely satisfy these filing and reporting requirements established under the Bankruptcy Code and applicable rules constitutes cause for dismissal or conversion. 11 U.S.C. § 1112(b)(4)(F).

To date, the Debtor has not filed schedules, a summary of assets and liabilities, a statement of financial affairs, a corporate ownership statement, or an affidavit pursuant Local Bankruptcy Rule 1007-2. Higgins Decl. at ¶ 5. Accordingly, cause exists to dismiss or convert this case under § 1112(b)(4)(F).

### B. Failure to Retain Counsel by a Corporate Debtor

It has long been settled law that only a natural person may represent itself *pro se* in the courts of the United States; corporations and other artificial entities must retain counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (stating that "[i]t has been the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel"); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (stating that "a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"); *Lattanziao v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (stating that "a limited liability company also may appear in federal court only through a licensed attorney"); *In re Valid Value Properties, LLC*, No. 16-13299-MG, 2017 WL 123751, at *4 (Bankr. S.D.N.Y. Jan. 5, 2017).

4

Here, the Debtor is a limited liability company and it cannot appear in this Court without counsel. To date, no counsel has appeared on behalf of the Debtor. Higgins Decl. at ¶ 6. Unless an application to retain counsel is filed and approved, cause exists to dismiss or convert this case due to the Debtor's failure to retain counsel as required under applicable law.

II.    **Cause Exists for Dismissal or Conversion under 11 U.S.C. § 1112(e)**

Section 1112(e) provides:

> Except as provided in subsections (c) and (f), the court, on request of the United States trustee, may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate if the debtor in a voluntary case fails to file, within fifteen days after the filing of the petition commencing such case or such additional time as the court may allow, the information required by paragraph (1) of section 521(a), including a list containing the names and addresses of the holders of the twenty largest unsecured claims (or of all unsecured claims if there are fewer than twenty unsecured claims), and the approximate dollar amounts of each of such claims.

11 U.S.C. § 1112(e). Section 521(a)(1) requires, *inter alia,* the Debtor to file a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of financial affairs.

To date, the Debtor has not filed a schedule of assets and liabilities, a schedule of current income and current expenditures, or a statement of financial affairs. Higgins Declaration at ¶ 5. Accordingly, cause exists to dismiss or convert this case pursuant to 11 U.S.C. § 1112(e).

III.    **The United States Trustee Recommends Dismissal**

Once cause is established under § 1112(b), unless the Court appoints a chapter 11 trustee, the case must be converted or dismissed unless the court specifically finds unusual circumstances that establish that the requested conversion or dismissal is not in the best interests of creditors and

5

the estate.  *See* 11 U.S.C. § 1112(b)(1) and (2).  It is within the Court's discretion to convert or dismiss a chapter 11 case, provided the best interests of the creditors and the estate are served.  *In re BH S & B Holdings, LLC*, 439 B.R. 342 at 351.  Additionally, § 1112(e) permits conversion or dismissal based on what it is in the best interest of creditors and the estate.

Here, it is unclear whether the Debtor has any unencumbered assets for a trustee to administer or any creditors that would benefit from such an effort.  Accordingly, the United States Trustee recommends dismissal.

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this chapter 11 or, alternatively, converting this case to a case under chapter 7 of the Bankruptcy Code, and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
       April 17, 2019

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE

                            **By:**   */s/ Benjamin J. Higgins*
                                      Benjamin J. Higgins, Esq.
                                      Trial Attorney
                                      Office of the United States Trustee
                                      201 Varick Street, Suite 1006
                                      New York, New York 10014
                                      Tel. (212) 510-0500
                                      Fax (212) 668-2361